**EDWARD F. WESTFIELD, P.C.**
EDWARD F. WESTFIELD, ESQ. (NYS BAR NO. 1718287)
3 WEST 35TH STREET, 6TH FLOOR
NY, NY 10001
T: (646) 423-5051
F: (646) 607-9300
E: EFW@EFWPC.COM

-AND-

**Hyderally & Associates, P.C.**
TY HYDERALLY, ESQ. (NJSBA 85013)
33 PLYMOUTH STREET, SUITE 202
MONTCLAIR, NEW JERSEY 07042
TELEPHONE (973) 509-8500
FACSIMILE (973) 509-8501
E: TYH@EMPLOYMENTLIT.COM

Attorneys for Plaintiff: Jacinto Castillo

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JACINTO CASTILLO,<br><br>PLAINTIFF,<br><br>VS.<br><br>SIGNATURE AUDIO DESIGN LLC, JOHN DOES 1-10, AND XYZ CORP. 1-10,<br><br>DEFENDANTS. | CIVIL ACTION No:<br>(           )<br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiff, Jacinto Castillo ("Castillo" or "Plaintiff"), who resides at 3238 100th Street, Apt. 3, Elmhurst, New York 11369, by way of this Complaint against the Defendants, Signature Audio Design LLC ("Signature"), John Does 1-10, and XYZ Corp. 1-10, (hereinafter collectively, "Defendants"), hereby says:

### I.  Nature of Action, Jurisdiction, and Venue

1. This is an action seeking equitable and legal relief for: (1) a violation of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §§ 201, *et seq*. ("FLSA"); (2) a violation of the FLSA (retaliation); (3) a violation of the New York State and New York City Human

Rights Law and Civil Rights Law, N.Y. Exec. Law § 290 *et seq.* and N.Y.C. Admin. Code § 8-101 *et seq.* (collectively, "NYHRL")  (disability discrimination); (3) a violation of the NYHRL (retaliation); (4) a violation of the New York Labor Law ("NYLL") § 191(a)(i) (frequency of payments); (5) a violation of NYLL § 191(a)(1) (non-payment of overtime); (6) a violation of NYLL § 663(1) (non-payment of overtime); (7) a violation of the NYLL (retaliation); and (8) a violation of the New York State Paid Sick Leave Law (NYLL § 196-b)

2. Jurisdiction is asserted under 28 U.S.C. § 1331 in so far as Plaintiff's Complaint asserts claims under 42 U.S.C. § 12101 *et seq.*  Pendent jurisdiction is asserted over Plaintiff's state law claims under 28 U.S.C. § 1367.

3. Venue is appropriate in that the illegal and improper acts which are the basis for the within asserted causes of action occurred in the Southern District of New York, and the Defendants in this matter are the entities or organizations organized under the laws of the State of New York and operating in the City of New York and State of New York.

## II. Parties

4. Castillo worked as a craftsman for Signature from on or about 2017 to on or about December 2021.

5. Signature Audio Design LLC, located at 14 West 11th Street, New York, NY, is a general contractor that employs between 30-40 people.

6. Castillo was an employee of the corporate defendant and performed job-related duties in the State and City of New York.

7. During the relevant time period, JOHN DOES 1-10 are currently unknown employees who were either senior management level employees who controlled Plaintiff's workplace, and supervised Plaintiff and aided and/or abetted in the commission of conduct complained of herein and/or who either acted within the scope of their employment at the workplace during working hours, or, to the extent they went beyond the scope of their employment, Defendants ratified, embraced and added to his conduct.  As the parties engage in discovery, Plaintiff retains the right to amend the Complaint to add these individual employees by name.

8. During the relevant time period, XYZ Corp. 1-10 are unknown affiliated corporations or entities or other corporations who have liability for the claims set forth herein.  As the

parties engage in discovery, Plaintiff retains the right to amend the Complaint to add these individual entities by name.

9. Thus, all Defendants are subject to suit under the statutes alleged above.

10. At all times referred to in this Complaint, employees of the corporate Defendants, who are referred to herein, were acting within the scope of their employment at the workplace during working hours, or, to the extent that they were not so acting, the corporate Defendants ratified, embraced and added to their conduct.

### III. Factual Allegations

11. Castillo began working for Signature in 2018 as a painter and plasterer and was promised an hourly rate of pay of $20.00 an hour.

12. In 2019, Defendants promised Castillo that his hourly rate of pay was increased to $25.00 an hour.

13. In 2021, Defendants promised Castillo that his hourly rate of pay was increased to $27.50 an hour.

14. Throughout the time period Castillo worked for Defendants, Castillo often worked 12 hours a day and 6 days a week, and he worked a minimum of 8 hours a day for 6 days a week.

15. Thus, he worked an average of 60 hours a week.

16. Despite this, Castillo was not paid for the hours he worked.

17. Castillo was also paid biweekly, even though he was a manual laborer and therefore was entitled to weekly payment of wages.

18. Further, Castillo was not paid overtime for the hours he worked.

19. Defendants regularly violated IRS regulations by paying Castillo cash with no withholdings.  However, even with this additional payment, Defendants were still not paying Castillo for all the hours he worked, and Defendants were not paying Castillo overtime.

20. Defendants violated the law in not paying Castillo overtime wages for work performed beyond 40 hours a week.

21. Castillo was not a supervisor throughout the time period of his employment with Defendants.

22. Castillo had no supervisory duties over any employees throughout the time period of his employment with Defendants.

23. Castillo was not employed in an executive, administrative, or professional capacity throughout the time period of his employment with Defendants.
24. Castillo was not an employee whose primary duties consisted of management type duties.
25. Castillo was not an employee who customarily or regularly directed the work of other employees.
26. Castillo was not an employee who had the authority to hire or fire other employees.
27. Castillo was not an employee whose suggestions and recommendations as to the hiring and firing and as to the advancement and promotion of or any other change of status of other employees would be given any weight.
28. Castillo was not an employee who customarily and regularly could exercise discretionary powers.
29. Castillo was not an employee whose primary duty consisted of the performance of office or non-manual work directly related to management policies or general business operations of his employer or his employer's customers.
30. Castillo was not an employee who independently exercised discretion and independent judgment.
31. Thus, Castillo was a non-exempt employee throughout the time period of his employment with Defendants.
32. Despite the fact that Castillo was a non-exempt employee, Defendants did not pay him overtime wages.
33. Castillo complained about the numerous wage and hour violations referenced above.
34. Defendants took no curative action and instead retaliated against Castillo by terminating him on January 4, 2022.
35. Additionally, on or about December 30, 2021, Castillo tested positive for Covid-19. (Exhibit "1").
36. Castillo notified his supervisor, Stan (lnu), that he tested positive and would be out of work for approximately 5 days. (Exhibit "2").
37. On January 4, 2022, Castillo's supervisor, Vicente (lnu), called Castillo and told him that he was being terminated.
38. Defendants clearly terminated Castillo because of his medical condition/handicap/disability and because of his complaints of the wage and hour violations.

39. Castillo was cleared to return to work on January 8, 2022, ten days after his diagnosis.

40. Despite this, Defendants maintained their decision to terminate Castillo and refused to respond to his text message reflecting his efforts to get tested to return to work.

41. Defendants replaced Castillo with an employee who did not suffer from any apparent medical condition/handicap/disability.

42. At the time of his termination, Castillo was working an average of 60 hours a week and earning $27.50 an hour. Further, Castillo received vacation pay, paid holidays, short-term and long-term disability, etc.

43. These benefits make up Castillo's claim for damages.

## Count I
### (Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA"))

53. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

54. The actions of Defendants give rise to a violation of the FLSA.

55. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries, and/or physical injury. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

56. Further, Plaintiff has been required to retain counsel to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

## Count II
### (New York State and New York City Human Rights Law and Civil Rights Law)
### (Disability Discrimination)

49. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

50. The foregoing facts and circumstances demonstrate that Defendants have violated the New York State and New York City Human Rights Law and Civil Rights Law by discriminating against Plaintiff for taking medical leave and/or requesting accommodation, for suffering from a medical condition, and/or for complaining of discriminatory and/or retaliatory and/or harassing treatment.

51. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries and/or physical injury.  Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy plaintiff's life.  Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care.  Plaintiff's damages have been experienced in the past, and they will continue into the future.

52. Further, Plaintiff has been required to retain an attorney to assist in asserting Plaintiff's claims and protecting Plaintiff's rights.

## Count III
### (New York State and New York City Human Rights Law and Civil Rights Law)
### (Retaliation)

53. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

54. The foregoing facts and circumstances demonstrate that Defendants have violated the New York State and New York City Human Rights Law and Civil Rights Law by retaliating against Plaintiff for requesting accommodation due to his medical condition, for suffering from a medical condition, and/or for complaining of discriminatory and/or harassing treatment.

55. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries and/or physical injury.  Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy plaintiff's life.  Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care.  Plaintiff's damages have been experienced in the past, and they will continue into the future.

56. Further, Plaintiff has been required to retain an attorney to assist in asserting Plaintiff's claims and protecting Plaintiff's rights.

## Count IV
### New York Labor Law § 191(a)(1)
### (Non-payment of Wages)

57. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

58. The actions of Defendants give rise to a violation of the NYLL § 191(a)(1).

59. Defendants failed to pay Plaintiff for all the hours he worked.

60. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries, and/or physical injury.  Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life.  Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

61. Further, Plaintiff has been required to retain counsel to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

### Count V
### New York Labor Law § 191(a)(1)
### (Non-payment of Overtime)

62. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

63. The actions of Defendants give rise to a violation of the NYLL § 191(a)(1).

64. Defendants failed to pay Plaintiff overtime wages for work performed beyond 40 hours a week.

65. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries, and/or physical injury.  Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life.  Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

66. Further, Plaintiff has been required to retain counsel to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

### Count VI
### (New York Labor Law § 663(1))
### (Non-payment of Overtime)

75. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

76. The actions of Defendants give rise to a violation of the NYLL § 663(1).

77. Defendants failed to pay Plaintiff overtime wages for work performed beyond 40 hours a week.

78. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries, and/or physical injury.  Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life.  Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care.  Plaintiff's damages have been experienced in the past, and they will continue into the future.

79. Further, Plaintiff has been required to retain counsel to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

### Count VII
### (New York Labor Law § 215)
### (Retaliation)

80. Plaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

81. The foregoing facts and circumstances demonstrate that Defendants have violated the New York Labor Law by retaliating against Plaintiff because Plaintiff complained of not receiving wages owed to him.

82. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries, and/or physical injury.  Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life.  Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care.  Plaintiff's damages have been experienced in the past, and they will continue into the future.

83. Further, Plaintiff has been required to retain counsel to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

### Count VIII
### New York State Paid Sick Leave Law
### (New York Labor Law § 196-b)

84. sPlaintiff realleges and incorporates herein the paragraphs set forth in this Complaint.

85. The actions of Defendants give rise to a violation of the Paid Sick Leave Law.

86. Defendants refused to allow Plaintiff to quarantine even though Plaintiff presented medical documentation of his infection and need for quarantine.

87. As a direct and proximate result of the actions of Defendants, Plaintiff has suffered mental anguish, physical discomfort, pain and suffering, shame and embarrassment, emotional distress injuries, the physical manifestation of emotional distress injuries, and/or physical injury. Furthermore, Plaintiff has suffered lost wages, a diminished ability to earn a living, and a diminished capacity to enjoy Plaintiff's life. Moreover, Plaintiff has and/or may have to incur expenses for medical, psychiatric, and/or psychological counseling and care. Plaintiff's damages have been experienced in the past, and they will continue into the future.

88. Further, Plaintiff has been required to retain counsel to assist Plaintiff in asserting Plaintiff's claims and protecting Plaintiff's rights.

**WHEREFORE**, as to each and every count, Plaintiff demands judgment on each and all of these Counts against the Defendants jointly and severally, as follows:

A. Compensatory damages of not less than $400,000;

B. Damages for lost wages and benefits, back pay, front pay (or reinstatement);

C. Damages for humiliation, mental and emotional distress;

D. Statutory damages, if applicable;

E. Punitive damages and or liquidated damages where permitted by law;

F. Attorneys' fees and costs of suit;

G. Lawful interest - including pre-judgment interest on lost wages;

H. Lawful interest - including pre-judgment interest on any wages not paid in a timely manner; and

I. Such other, further and different relief as the Court deems fitting, just and proper.

Plaintiff hereby reserves the right to amend this Complaint to supplement or modify the factual obligations and claims contained herein, based upon information received from the defendants, witnesses, experts, and others in the course of discovery in this matter. Plaintiff notes that he anticipates amending the Complaint to add causes of action under a violation of the Americans with Disabilities Act of 1990 ("ADA"), United States (Pub.L. 101-336, 104 Stat. 327, enacted 1990-07-26), codified at 42 U.S.C. § 12101 *et seq.* (disability discrimination) and a violation of the ADA (retaliation). However, as the Charge of Discrimination is still pending before the EEOC, and the EEOC has not yet issued its Right to Sue, Plaintiff has not included these two charges in this Complaint.

## DEMAND FOR TRIAL BY JURY

Pursuant to Fed. R. Civ. P. 38, plaintiff respectfully demands a trial by jury on all issues in the within action so triable.

## DESIGNATION OF LEAD COUNSEL

TY HYDERALLY is hereby designated as lead counsel on behalf of plaintiff.

DATED:	August 24, 2022

										**HYDERALLY & ASSOCIATES, P.C.**
										*Attorneys for Plaintiff*


							By:	_____
									**TY HYDERALLY, Esq.**
									**For the Firm**

T:\Castillo Jacinto\Pleadings\082422.COM.docx